# THE ROCKFORD, ROCK ISLAND AND ST. LOUIS RAILROAD COMPANY

*v.*

# WARRINGTON SPILLERS.

NEGLIGENCE—*failure to fence road in six months.* In a suit against a railroad company to recover damages for the killing of stock, the first count of the plaintiff's declaration proceeded upon the statutory liability

for neglect to fence the road within six months after the same had been opened for use, and the others alleged negligence as at common law. The proof showed that plaintiff's steers were killed in the fall of 1870, and his horses and hogs in the summer of 1871. The verdict of the jury, in favor of the plaintiff, included the value of the steers, which the plaintiff remitted, and judgment was rendered for the residue: *Held*, that the proof showed inferentially that the road had been open for use six months before the horses and hogs were killed, and therefore sustained the first count of the declaration.

Appeal from the Circuit Court of Schuyler county; the Hon. Chauncey L. Higbee, Judge, presiding.

This was an action on the case, by the appellee against the appellant, for the killing of certain stock of the plaintiff. The facts of the case are stated in the opinion of the court.

Mr. John S. Bailey, and Mr. C. M. Osborn, for the appellant.

Messrs. Warren & Vail, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

The only question on this record is, was this road opened for use six months prior to the accident?

The declaration contained three counts. In the first count it was alleged the road had been opened for use for more than six months prior to the first day of December, 1870; that no fence was erected, the *locus* not being at one of the excepted places; that, on the second day of June, 1871, two horses of plaintiff were killed; on the first of August of the same year, fifteen hogs, and on the first day of July, 1871, three steers, the property of the plaintiff.

The second count avers that, on the second day of May, 1870, defendants were operating a railroad, but that it had not at that time been opened for use six months, and then alleges negligence as at common law.

The third count is similar to the second, both alleging the killing of the same animals as in the first.

In the progress of the trial, it became important for the plaintiff to prove the precise time the road was opened for use. If it was at one certain time, then the company would be responsible for killing the steers; if at another certain time, they would not be. Witnesses were called who proved that the steers were killed in the fall of 1870, and the horses and hogs in the summer of 1871, inferentially showing the the road had been opened for use six months before the latter were killed.

When the verdict of the jury was returned, which, from the amount found, included the value of the steers, the plaintiff remitted this value from the verdict, and took judgment for the balance.

It is proved the horses and hogs were killed in the summer or fall of 1871. As. the road was opened for use when the steers were killed, in the fall of 1870, and the horses and hogs were killed in the summer or fall of the year succeeding, it follows they were killed more than six months after the opening of the road, and the first count of the declaration is sustained.

The defendants, on the trial, admitted they were responsible for the value of the hogs. The steers were killed at a time when the road had not been opened for six months, and the plaintiff remitted their value and took judgment for the value of the horses and hogs only.

We see no error in the record, and affirm the judgment.

*Judgment affirmed.*